U.S. Bank Natl. Assn. v Stewart (2020 NY Slip Op 05982)





U.S. Bank Natl. Assn. v Stewart


2020 NY Slip Op 05982


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

527696

[*1]U.S. Bank National Association, as Trustee, Appellant,
v
Crystal Stewart et al., Defendants.

Calendar Date: September 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


RAS Boriskin, LLC, Westbury (Joseph F. Battista of counsel), for appellant.



Lynch, J.
Appeal from an order of the Supreme Court (Mott, J.), entered September 7, 2018 in Columbia County, which granted a motion by defendants Crystal Stewart and Harold Hammond to, among other things, dismiss the complaint against them.
In August 2006, Frances MacPhail (hereinafter decedent) executed a note and mortgage secured by real property in the Town of Copake, Columbia County in favor of defendant Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint). Decedent died in November 2007 and the December 2007 payment due under the note was not made. As a consequence, Greenpoint commenced a mortgage foreclosure action in April 2008, naming decedent as the only defendant. That same day, Greenpoint also filed a notice of pendency. The summons and complaint were eventually served on the executor of decedent's estate in September 2008. In May 2009, Supreme Court (McGrath, J.) granted a motion by the estate to dismiss the complaint and cancel the notice of pendency, with prejudice, for lack of personal jurisdiction.
In September 2011, decedent's estate and another entity deeded the property to defendants Crystal Stewart and Harold Hammond (hereinafter collectively referred to as defendants). In October 2012, Greenpoint assigned the mortgage to plaintiff. In January 2013, plaintiff's loan servicer sent an acceleration notice to the estate demanding payment, within 30 days to cure the default, of the amount due since December 2007. In April 2018, more than five years later, plaintiff commenced this mortgage foreclosure action against, among others, defendants. Defendants moved to dismiss the action as time-barred, contending that the governing six-year statute of limitations began with the commencement of the 2008 action. Supreme Court granted the motion, finding that the 2008 action triggered the statute of limitations because the executor received the summons and complaint. The court also rejected plaintiff's contention that the 2013 acceleration letter constituted an affirmative act of revocation deaccelerating the loan. Plaintiff appeals.
Plaintiff contends that Supreme Court erred in dismissing the action as untimely because the 2008 action was commenced only against the decedent borrower and was thus a legal nullity. We agree. "The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1268 [2019] [internal quotation marks and citations omitted]). Accordingly, as a general rule, the commencement of a mortgage foreclosure action triggers the statute of limitations (see Lavin v Elmakiss, 302 AD2d 638, 639 [2003], lv dismissed 100 NY2d 577 [2003], lv denied 2 NY3d 703 [2004]). As pertinent here, however, "[a] party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate" (Jordan v City of New York, 23 AD3d 436, 437 [2005]). Greenpoint served but did not substitute the executor of decedent's estate as a party in the 2008 action (see CPLR 1015 [a]). As such, the court lacked jurisdiction over the 2008 action, and that action was a legal nullity from its inception (see Beneficial Homeowner Serv. Corp. v Heirs at Large of Ramona E. Thwaits, 185 AD3d 1126, 1129 [2020]; Wells Fargo Bank, N.A. v Baymack, 176 AD3d 905, 906 [2019]; Citigroup Global Mkts. Realty Corp. v LaGreca, 167 AD3d 842, 843 [2018]). It follows that the 2008 action, a legal nullity, did not trigger the statute of limitations. Since this action was commenced within six years of the 2013 acceleration letter, the action was timely.
Garry, P.J., Egan Jr., Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court to permit defendants Crystal Stewart and Harold Hammond to serve an answer within 20 days of this Court's decision.