Reinman v Deutsche Bank Natl. Trust Co. (2023 NY Slip Op 01813)

Reinman v Deutsche Bank Natl. Trust Co.

2023 NY Slip Op 01813

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-00758
 (Index No. 518311/19)

[*1]Mayer Reinman, et al., appellants, 
v
Deutsche Bank National Trust Company, etc., respondent, et al., defendants.

Borchert & Laspina, P.C., Whitestone, NY (Robert W. Frommer of counsel), for appellants.
Houser LLP, New York, NY (Brett J. Nedick and Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 20, 2019. The order granted the motion of the defendant Deutsche Bank National Trust Company pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In March 2005, Mendel Meisels executed a note in favor IndyMac Bank, F.S.B. (hereinafter IndyMac Bank), secured by a mortgage given to Mortgage Electronic Systems, Inc. (hereinafter MERS), as nominee for IndyMac Bank, encumbering real property located in Brooklyn. In March 2009, MERS executed an assignment of the mortgage to IndyMac Federal Bank, FSB (hereinafter IndyMac Fed). In April 2009, IndyMac Fed commenced an action to foreclose the mortgage against Meisels, among others (hereinafter the 2009 foreclosure action). By order dated October 4, 2012, the Supreme Court directed dismissal of the 2009 foreclosure action. The court determined that IndyMac Fed had ceased to exist prior to the commencement of the 2009 foreclosure action, and thus, IndyMac Fed "clearly lack[ed] standing" to bring that action. Thereafter, the Federal Deposit Insurance Corporation, as receiver for IndyMac Bank, executed an assignment of the mortgage to the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank).
The plaintiffs obtained title to the property in March 2018. On August 19, 2019, the plaintiffs commenced the instant action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, on the ground that the statute of limitations for commencing an action to foreclose the mortgage had expired. On October 10, 2019, Deutsche Bank moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, on various grounds, including for failure to state a cause of action, arguing that documentary evidence demonstrated that the debt was never accelerated, and therefore, the statute of limitations had not expired. By order dated December 20, 2019, the Supreme Court granted Deutsche Bank's motion. The plaintiffs appeal.
"'On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 706, quoting Shah v Exxis, Inc., 138 AD3d 970, 971). "'Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d at 706, quoting Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Greenberg v Spitzer, 155 AD3d 27, 44).
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see id.; J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d at 706). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Wilmington Sav. Fund Socy., FSB v Heampstead Prop. Ventures II, LLC, 205 AD3d 843, 844 [internal quotation marks omitted]).
"An acceleration of a mortgage debt can occur 'when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844, quoting Milone v US Bank N.A., 164 AD3d 145, 152; see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d at 707). "'However, service of a complaint is ineffective to constitute a valid exercise of the option to accelerate a debt where the plaintiff does not have the authority to accelerate the debt or to sue to foreclose at that time'" (21st Mtge. Corp. v Rudman, 201 AD3d 618, 621, quoting MLB Sub I, LLC v. Grimes, 170 AD3d 992, 993 [internal quotation marks omitted]; see Herzl Dev. Group, LLC v Federal Natl. Mtge. Assn., 175 AD3d 665, 666; U.S. Bank v Gordon, 158 AD3d 832, 836). As part of the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821), effective December 30, 2022, CPLR 213(4) was amended, inter alia, by adding paragraph (b), which provides that "[i]n any action seeking cancellation and discharge of record of an instrument described under [RPAPL 1501(4)], a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated."
Here, the documentary evidence submitted by Deutsche Bank demonstrated that the debt was not accelerated by the commencement of the 2009 foreclosure action, as the plaintiffs herein alleged. Although the complaint in the 2009 foreclosure action expressly "elect[ed] to call due the entire amount secured by the mortgage," IndyMac Fed was found to lack standing in that action, and thus, did not have the authority to accelerate the debt at that time (see Herzl Dev. Group, LLC v Federal Natl. Mtge. Assn., 175 AD3d at 666; J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d at 707; U.S. Bank N.A. v Gordon, 158 AD3d at 836; 21st Mtge. Corp. v Adames, 153 AD3d 474, 475).
The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly granted Deutsche Bank's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court