Caprotti v Deutsche Bank Natl. Trust Co. (2023 NY Slip Op 05428)

Caprotti v Deutsche Bank Natl. Trust Co.

2023 NY Slip Op 05428

Decided on October 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 26, 2023

534302
[*1]Jesse Caprotti, Also Known as Jesse C. Caprotti, et al., Respondents,
v
Deutsche Bank National Trust Company, as Trustee, et al., Appellants.

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

Blank Rome LLP, New York City (Alina Levi of counsel), for appellants.
Rusk Wadlin Heppner & Martuscello, LLP, Kingston (Jason J. Kovacs of counsel), for respondents.

Aarons, J.
Appeal from an order of the Supreme Court (Richard Mott, J.), entered October 14, 2021 in Ulster County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.
Plaintiffs executed a note secured by a mortgage on real property located in Ulster County. In 2009, defendant Deutsche Bank National Trust Company, as Trustee (hereinafter defendant), commenced an action against plaintiffs to foreclose on the mortgage. In a 2010 order, Supreme Court (Zwack, J.) dismissed the 2009 action due to lack of standing by defendant. In 2012, defendant commenced another mortgage foreclosure action against plaintiffs. In a 2016 order, Supreme Court (Cahill, J.) dismissed the 2012 action because defendant lacked standing. In 2019, plaintiffs commenced this action seeking to quiet title and to discharge and cancel the mortgage. Following joinder of issue, defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment. In an October 2021 order, Supreme Court (Mott, J.) denied the motion and the cross-motion. Defendants appeal.
A party with an interest in real property that is subject to a mortgage can commence an action to cancel and discharge the mortgage when the statute of limitations to foreclose on such mortgage has expired (see RPAPL 1501 [4]). Mortgage foreclosure actions are governed by a six-year statute of limitations (see CPLR 213 [4]). "[O]nce the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (U.S. Bank N.A. v Stewart, 187 AD3d 1330, 1332 [3d Dept 2020] [internal quotation marks and citation omitted]; see MTGLQ Invs., L.P. v Wentworth, 192 AD3d 186, 188 [3d Dept 2021], lv denied 37 NY3d 916 [2021]). However, "[a]n acceleration of a mortgaged debt is only valid if the party making the acceleration had standing at that time to do so" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [2d Dept 2021]; see Deutsche Bank Natl. Trust Co. v Board of Mgrs. of the E. 86th St. Condominium, 162 AD3d 547, 547 [1st Dept 2018]).
In support of their motion, defendants tendered proof establishing that the prior actions to foreclose on the mortgage were both dismissed due to lack of standing. The 2010 order recited that the motion to dismiss the 2009 action was being granted because "[defendant] lacked standing to commence the present proceeding." The 2016 order likewise recited that "the evidence does not establish that [defendant] was the valid holder of the note and mortgage at the time this action was commenced" and that the 2012 action was being dismissed on standing grounds.[FN1] Because the 2009 and the 2012 actions were dismissed due to lack of standing by defendant, the debt was not validly accelerated when those actions were commenced. As such, the statute of limitations to foreclose on the mortgage did not start to run. Stated differently, the statute of limitations [*2]has not expired. In view of the foregoing, defendants met their summary judgment burden (see Meijas v Wells Fargo N.A., 186 AD3d 472, 474 [2d Dept 2020]).
In opposition, plaintiffs point to an affidavit from a loan servicer who averred that a demand letter accelerating the debt was sent to plaintiffs in July 2009. Although the loan servicer stated that the debt was accelerated, the July 2009 letter advised plaintiffs that "[i]f you do not cure your default, we will accelerate your mortgage with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." This language does not constitute a clear and unequivocal notice that the debt was being accelerated. To the contrary, it was an expression of future intent and did not suffice to accelerate the debt (see GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d 1285, 1287 [3d Dept 2021]; Wilmington Trust, N.A. v Mausler, 192 AD3d 1212, 1214 [3d Dept 2021]). Plaintiffs' reliance on an allegation in the complaint of the 2012 action stating that the debt was accelerated as evidence that the debt was accelerated in July 2009 is unavailing.
Plaintiffs further cite to the Foreclosure Abuse Prevention Act (see L 2022, ch 821, § 7), which added, as relevant here, CPLR 213 (4) (b). They contend that the new CPLR 213 (4) (b) estops defendants from asserting that the applicable statute of limitations has not expired. We disagree. In an action seeking to cancel and discharge a mortgage, "a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation[s] for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213 [4] [b]). Contrary to plaintiffs' assertion, defendants are not estopped from arguing that the statute of limitations has not expired given that there have been two expressed judicial determinations — namely, the 2010 and 2016 orders — that the debt was never accelerated due to lack of standing (see Reinman v Deutsche Bank Natl. Trust Co., 215 AD3d 704, 707 [2d Dept 2023]). Because plaintiffs failed to raise an issue of fact, defendants' motion for summary judgment dismissing the complaint should have been granted.[FN2]
Finally, we note that plaintiffs' reliance on the Foreclosure Abuse Prevention Act was raised for the first time at oral argument. It is true that the Foreclosure Abuse Prevention Act became effective on December 30, 2022 — after the last brief was filed with this Court in July 2022 and after this appeal was placed on this Court's calendar for the November 2022 term. This appeal, however, was subsequently removed from the November 2022 term. The parties were then advised in [*3]March 2023 — after the effective date of the Foreclosure Abuse Prevention Act — that the appeal would be re-placed on the calendar for this Court's September 2023 term. We take this opportunity to remind the bar of its obligation to timely advise this Court of any change of circumstances, including significant developments or changes in the law, that may impact an appeal (see generally 22 NYCRR 1250.2 [c]).
Garry, P.J., Egan Jr., McShan and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the complaint; said motion granted and complaint dismissed; and, as so modified, affirmed.

Footnotes

Footnote 1: There is no indication in the record that appeals were taken from either the 2010 order or the 2016 order.

Footnote 2: We decline defendants' request to impose sanctions under 22 NYCRR 130-1.1 upon plaintiffs.