Genovese v Nationstar Mtge. LLC (2023 NY Slip Op 06477)

Genovese v Nationstar Mtge. LLC

2023 NY Slip Op 06477

Decided on December 19, 2023

Appellate Division, First Department

HIGGITT, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern
Peter H. Moulton Manuel Mendez John R. Higgitt Kelly O'Neill Levy

Index No. 805874/22E Appeal No. 666 Case No. 2023-00096 

[*1]Deborah Genovese, as Executor of the Estate of Joseph Genovese, Plaintiff-Appellant,
v
Nationstar Mortgage LLC Doing Business as Champion Mortgage Company, Defendant-Respondent.

Plaintiff appeals from an order of the Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered November 4, 2022, which granted defendant's motion to dismiss the complaint.

Padernacht Law, P.C., Bronx (Daniel A. Padernacht of counsel), for appellant.
Nelson Mullins Riley & Scarborough LLP, New York (Alan F. Kaufman and Lisa A. Herbert of counsel), for respondent.

HIGGITT, J. 

On March 13, 2006, plaintiff's decedent executed a reverse mortgage in favor of Wells Fargo Bank encumbering his single-family home in the Bronx. The reverse mortgage, which was designed to allow the elderly homeowner to borrow money against the accumulated equity in his home, provided that the outstanding loan balance needed to be repaid upon the occurrence of a triggering event, one of which was the death of the borrower (see Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1365-1366 [3d Dept 2019], lv denied 34 NY3d 908 [2020]; Onewest Bank, FSB v Smith, 135 AD3d 1063, 1063-1064 [3d Dept 2016]). Plaintiff's decedent died on March 18, 2008, triggering repayment.
On May 14, 2009, Wells Fargo commenced an action to foreclose the mortgage; the action was commenced against the decedent's heirs. At the time the action was commenced, no fiduciary had been appointed to represent the decedent's estate. Paragraphs 7 and 10 of the foreclosure action complaint expressly asserted that Wells Fargo had accelerated the debt secured by the mortgage.[FN1]
On December 2, 2009  almost seven months after Wells Fargo commenced the foreclosure action  co-executors of the decedent's estate were appointed by the Surrogate's Court of Bronx County.
Notwithstanding that the action was commenced in the spring of 2009, Wells Fargo did not secure an order of reference until September 15, 2015. Seven months later, Wells Fargo obtained a judgment of foreclosure and sale. The judgment of foreclosure and sale was vacated, however, by an April 7, 2017 order of Supreme Court (Kenneth L. Thompson, J.) on the ground that the court lacked personal jurisdiction over the defendants  the decedent's heirs. Supreme Court found that it lacked jurisdiction over the defendants because "a plaintiff is unable to commence an action during the period between the death of a potential defendant and the appointment of a representative of the estate" (quoting Laurenti v Teatom, 210 AD2d 300, 301 [2d Dept 1994]), and no representative had been appointed for the decedent's estate at the time the foreclosure action was commenced. The court did not mention the subject of the acceleration of the mortgage debt. In addition to vacating the judgment of foreclosure and sale, the court dismissed the mortgage foreclosure complaint.
On September 25, 2017, Wells Fargo assigned the mortgage to defendant Nationstar Mortgage LLC.
Five years after the April 7, 2017 order vacating the judgment of foreclosure and sale and dismissal of the mortgage foreclosure action (and approximately four and a half years after the [*2]assignment of the mortgage to Nationstar), plaintiff, one of the two individuals named as co-executors of the decedent's estate, commenced this RPAPL 1501(4) action against Nationstar to cancel and discharge the mortgage.[FN2] Plaintiff alleged that, based on the representations in the complaint in the foreclosure action, Nationstar's predecessor-in-interest (Wells Fargo) validly accelerated the mortgage debt in 2009; that the acceleration of the debt triggered the six-year statute of limitations applicable to a mortgage foreclosure action; and that the statute of limitations on such an action had expired.
Defendant moved to dismiss the RPAPL 1501 complaint under CPLR 3211(a)(7) on the grounds that the debt secured by the mortgage had not been validly accelerated in the foreclosure action because that action was a nullity, the six-year statute of limitations to commence a foreclosure action had not begun to run (let alone expire), and, therefore, an action to foreclose the mortgage was not time-barred.
Supreme Court granted defendant's motion and dismissed the RPAPL 1501 complaint. The court determined that the foreclosure action was a nullity because Wells Fargo commenced the action against the decedent's heirs before a fiduciary had been appointed to represent the decedent's estate. "The commencement of the dismissed foreclosure action that is a legal nullity did not trigger the running of the statute of limitations under RPAPL 1501(4), and consequently, the plaintiff's complaint seeking to cancel and discharge the mortgage must be dismissed," wrote the court. As to whether the debt secured by the mortgage had been accelerated by the foreclosure action, Supreme Court intimated that it had not because the foreclosure action was a nullity.
After Supreme Court issued its order dismissing the RPAPL 1501 complaint but before plaintiff perfected her appeal from that order, the Legislature passed and the Governor signed into law the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821). FAPA represents the Legislature's response to litigation strategies and certain legal principles that distorted the operation of the statute of limitations in foreclosure actions (Assembly Mem in Support of 2022 Assembly Bill A7737B, L2022, ch 821 at 1; Senate Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 1). "The legislature [found] that there is an ongoing problem with abuses of the judicial foreclosure process and lenders' attempts to manipulate statutes of limitations; that the problem has been exacerbated by recent court decisions which, contrary to the intent of the legislature, have given mortgage lenders and loan servicers opportunities to avoid strict compliance with remedial statutes and manipulate statutes of limitations to their advantage; and that the purpose of [FAPA] is to clarify the meaning of existing statutes, and to rectify these erroneous judicial interpretations thereof" (Assembly Mem in Support of 2022 Assembly Bill A7737B, [*3]L2022, ch 821 at 1). FAPA's aim: "to thwart and eliminate abusive and unlawful litigation tactics that have been adopted and pursued in mortgage foreclosure actions to manipulate the law and judiciary to yield to expediency and the convenience of mortgage banking and servicing institutions at the expense of the finality and repose that statutes of limitations are meant to ensure" (id.; see also Senate Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 1).
Although FAPA effected a number of important changes to the RPAPL (i.e., RPAPL 1301[3], [4]), the General Obligations Law (i.e., General Obligations Law § 17-105[4], [5]), and the CPLR (e.g., CPLR 203[h], 205[c], 205-a, 3217[e]), this appeal implicates only one: the addition of paragraph b to CPLR 213(4) (see L 2022, ch 821, § 7). The new CPLR 213(4)(b) provides that, in an action under RPAPL 1501(4) to cancel and discharge a mortgage, "a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated." According to Senator Sanders' introducer's memorandum in support of FAPA, the addition of paragraph (b) would
"(1) clarify and codify the applicable principles of estoppel, insofar as all acceleration events, whether occurring prior to or by way of commencement of an action, are presumptively valid, unless a prior action was dismissed upon a timely interposed defense, asserted in a defendant's motion or application, based on an express judicial determination that no valid election to accelerate the instrument occurred prior to or by way of the commencement of that action; and (2) reflect the Legislature's recognition of the inherent difficulties defendants encounter in establishing a valid statute of limitations defense which, as per recent case law, may now depend on information and documents that are generally not in their possession and may otherwise be unavailable due to the passage of time" (Senate Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 14-15 [internal citations omitted]).
FAPA was signed by the Governor on December 30, 2022, and took "effect immediately," applying "to all actions commenced on an instrument described under [CPLR 213(4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10).
On plaintiff's appeal from Supreme Court's order granting defendant's motion to dismiss, plaintiff argues that, under CPLR 213(4)(b), defendant is estopped from asserting that the statute of limitations on a cause of action to foreclose on the mortgage has not expired. Plaintiff highlights that the present action seeks relief under RPAPL 1501[*4](4), the prior foreclosure action was not dismissed based on an express judicial determination (prompted by a timely interposed defense) that the debt secured by the mortgage was not validly accelerated, and that no judgment of foreclosure and sale has been issued. Although FAPA was signed into law after Supreme Court issued its order dismissing the RPAPL 1501 complaint (and approximately three years after the mortgage foreclosure action was dismissed), plaintiff contends that the act applies retroactively.
Plaintiff also argues that defendant's predecessor's filing of the foreclosure complaint containing representations that the debt secured by the mortgage had been accelerated evidenced that the debt had in fact been accelerated, and that Supreme Court's finding that the foreclosure action was a nullity did not vitiate or otherwise disturb the predecessor's election to accelerate the debt.
Defendant contends that the mortgage foreclosure action was a nullity, the complaint therein could not validly accelerate the debt, and therefore the statute of limitations on a cause of action to foreclose on the mortgage did not begin to run. With respect to FAPA, defendant does not object to plaintiff raising the Act for the first time on appeal; rather, defendant addresses plaintiff's FAPA arguments on their merits.[FN3] Defendant maintains that FAPA does not apply here because there was no pending action between the parties at the time the Act took effect. In any event, says defendant, FAPA does not apply to the parties' controversy because it should not be given retroactive effect; defendant argues that FAPA, based on its plain terms and legislative history, should apply prospectively only. Lastly, defendant raises constitutional points: that retroactive application of FAPA to the parties' controversy would impair or destroy vested rights enjoyed by defendant (i.e., rights relating to the mortgage, including the right to foreclose on it), and that retroactive application would run afoul of the Contract and Due Process Clauses of the Federal Constitution.
If defendant is estopped under CPLR 213(4)(b) from asserting that the statute of limitations for an action to foreclose on the mortgage has not expired, then the order dismissing plaintiff's RPAPL 1501(4) complaint must be reversed. Therefore, we must first determine whether CPLR 213(4)(b) applies retroactively or prospectively, which requires a determination of legislative intent (Matter of Duell v Condon, 84 NY2d 773, 783 [1995]; see Brothers v Florence, 95 NY2d 290, 299 [2000]; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]). Statutory amendments are presumed to have prospective application; that presumption is rebutted if the Legislature explicitly states or clearly indicates that an amendment should apply retroactively (Matter of Gleason v Michael Vee, Ltd., 96 NY2d 117, 122 [2001]; see Gottwald v Sebert, 40 NY3d 240, 258 [2023]). The following factors inform a retroactivity [*5]analysis: whether the amendment is remedial in nature; whether the Legislature made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the amendment is designed to rewrite an unintended judicial interpretation; and whether the amendment reaffirms a legislative judgment about what the law should be (Matter of Gleason, 96 NY2d at 122; see Gottwald, 40 NY3d at 258-260).
Starting with "the language itself" of the relevant section of FAPA (Brothers v Florence, 95 NY2d at 299 [internal quotation marks omitted]), the Act took "effect immediately," applying "to all actions commenced on an instrument described under [CPLR 213(4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch. 821, § 10). Although the Legislature did not explicitly state that FAPA should apply retroactively, it clearly indicated that it should. After all, given the language itself, FAPA will necessarily have retroactive effect in light of § 10's direction that the Act applies "to all actions commenced on an instrument described under [CPLR 213(4)] in which a final judgment of foreclosure and sale has not been enforced" (emphasis added; see Bayview Loan Servicing, LLC v Dalal, 80 Misc 3d 1100 [Sup Ct, Bronx County 2023]; U.S. Bank N.A. v Williams, 80 Misc 3d 258 [Sup Ct, Putnam County 2023]; U.S. Bank Trust, N.A. v Miele, 80 Misc 3d 839 [Sup Ct, Westchester County 2023]; HSBC Bank USA, N.A. v IPA Asset Mgt., LLC, 79 Misc 3d 821, 823-824 [Sup Ct, Suffolk County 2023]).[FN4]
Moreover, FAPA is remedial in nature (see Assembly Mem in Support of 2022 Assembly Bill A7737B, L2022, ch 821 at 1-2; Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 1, 3-4; NY Assembly Debate on 2022 Assembly Bill A7737B, Mar. 23, 2022 at 9), and the "take-effect-immediately" language and the statements in the legislative memoranda in support of FAPA evince a sense of urgency (see Matter of Gleason, 96 NY2d at 122; Brothers v Florence, 95 NY2d at 299). Additionally, FAPA was designed, in part, to rewrite unintended judicial interpretations, and to reaffirm legislative judgment about what certain laws relating to the application of the statute of limitations to mortgage foreclosure actions should be (see Assembly Mem in Support of 2022 Assembly Bill A7737B, L2022, ch 821 at 1-2; Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 1, 3-4). Ultimately, the Legislature's goal, expressed in the language of FAPA and its legislative history, was to see FAPA applied retroactively.
We cannot consider defendant's constitutional challenges to the retroactive application of FAPA under the Contract and Due Process Clauses of the federal Constitution because, as plaintiff notes in her reply brief, defendant has not notified the Attorney General of those challenges (see CPLR 1012[b]).
Having concluded that FAPA applies retroactively, we must next consider whether defendant is estopped under CPLR 213(4)(b) from asserting that the statute [*6]of limitations for the commencement of a mortgage foreclosure action has not expired because the debt secured by the mortgage was not validly accelerated in connection with the prior foreclosure action. CPLR 213(4)(b)'s potent estoppel bar will not be imposed, and a defendant will be free to assert that the debt secured by the mortgage was not validly accelerated in connection with a prior action, if, and only if, the prior action was dismissed based on an express judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated.
Here, defendant is estopped from asserting that the statute of limitations on a cause of action to foreclose on the mortgage has not expired. An action to foreclose on the mortgage was previously commenced and dismissed. Defendant is not saved by the limited exception afforded by CPLR 213(4)(b) because Supreme Court, in dismissing the foreclosure action, did not make an express determination that the debt secured by the mortgage was not validly accelerated. Rather, the court dismissed the foreclosure action on the ground that the court lacked personal jurisdiction over the defendants therein (see Bank of New York Mellon v DeMatteis,  AD3d , 2023 NY Slip Op 05242, *4 [2d Dept 2023]; UGH Mazing, LLC v 21st Mtge. Corp., 220 AD3d 686 [2d Dept 2023]; cf. Caprotti v Deutsche Bank Natl. Trust Co., 220 AD3d 1126 [3d Dept 2023]; Reinman v Deutsche Bank Natl. Trust Co., 215 AD3d 704 [2d Dept 2023]; U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d 824 [2d Dept 2023]); the court did not mention the subject of the acceleration of the mortgage debt.[FN5] We cannot infer that Supreme Court found that the debt secured by the mortgage was not validly accelerated, where FAPA calls for an "expressed judicial determination . . . that the instrument was not validly accelerated."
Because we conclude that defendant is estopped under CPLR 213(4)(b) from asserting that the statute of limitations on a cause of action to foreclose on the mortgage has not expired, we need not address the question of whether the debt secured by the mortgage was validly accelerated when defendant's predecessor-in-interest filed the foreclosure complaint, notwithstanding that the foreclosure action was a nullity (compare Wilson 3 Corp. v Deutsche Bank Natl. Trust Co., 219 AD3d 870, 871 [2d Dept 2023], and Your New Home, LLC v JP Morgan Chase Bank, N.A., 62 Misc 3d 1046, 1050 [Sup Ct, Westchester County 2019], with U.S. Bank N.A. v Stewart, 187 AD3d 1330, 1331-1332 [3d Dept 2020]).
Accordingly, the order of the Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered November 4, 2022, which granted defendant Nationstar Mortgage LLC's motion to dismiss the complaint, should be reversed, on the law, without costs, the motion denied and the complaint reinstated.
Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered November 4, 2022, reversed, on the law, without costs, the motion denied and the [*7]complaint reinstated.
Opinion by Higgitt, J. All concur.
Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023

Footnotes

Footnote 1: The seventh paragraph stated that "[t]he default [under the note and mortgage] has continued beyond the applicable grace period set forth in the mortgage, and by reason thereof, [Wells Fargo] has elected and hereby elects to declare immediately due and payable the entire unpaid balance of the principal[.]" The tenth paragraph similarly stated, in relevant part, that "[Wells Fargo] elects to call due the entire amount secured by the mortgage."

Footnote 2: RPAPL 1501(4) provides that,

 "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom. . . . In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price."

Footnote 3: We note, too, that we may consider the applicability of this new legislation enacted while this appeal was pending because, naturally, FAPA could not have been raised before Supreme Court (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. and Community Renewal, 35 NY3d 332, 362-363 [2020]).

Footnote 4: Notably, in his Introducer's Memorandum in Support of FAPA discussing the effective date of the Act, Senator Sanders included a footnote to Matter of Gleason (96 NY2d 117). The Senator pin-cited pages 122 and 123 of the decision, which discuss the factors that inform a retroactivity analysis and conclude that the amendment under review (CPLR 7502[a]) was to be given retroactive effect (Introducer's Mem in Support of 2022 NY Senate Bill S5473D at 16). 

Footnote 5: The subsequent statements by the court in the order on appeal regarding the reason for the dismissal of the foreclosure action do not aid defendant. In that order dismissing the RPAPL 1501(4) action, Supreme Court observed that the foreclosure action was a nullity because defendant's predecessor-in-interest commenced the action against the decedent's heirs before a fiduciary had been appointed to represent the decedent's estate, and intimated that, because that action was a nullity, the debt had not been accelerated. The court did not make an express determination that the debt secured by the mortgage was not validly accelerated.