Nichols v U.S. Bank (2025 NY Slip Op 00665)

Nichols v U.S. Bank

2025 NY Slip Op 00665

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2022-04888
 (Index No. 603380/20)

[*1]Peter Nichols, Jr., et al., respondents,
v
U.S. Bank, etc., et al., appellants.

McGlinchey Stafford, PLLC, New York, NY (Matthew J. Gordon and Margaret J. Cascino of counsel), for appellants.
Charles Wallshein, Melville, NY, for respondents.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendants appeal from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated June 1, 2022. The order granted the plaintiffs' motion for summary judgment on the complaint and denied the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the complaint is denied, and the defendants' cross-motion for summary judgment dismissing the complaint is granted.
In April 2006, the plaintiffs, Peter Nichols, Jr., and Erica Nichols, executed a note secured by a mortgage on certain real property located in Melville. The mortgage was subsequently assigned to GMAC Mortgage, LLC (hereinafter GMAC), and thereafter to U.S. Bank. In April 2011, GMAC commenced an action to foreclose the mortgage (hereinafter the 2011 action). The plaintiffs, as defendants in the 2011 action, interposed an answer asserting, among other affirmative defenses, that GMAC failed to mail a notice of default in accordance with the terms of the mortgage agreement. GMAC then moved, inter alia, for summary judgment on the complaint insofar as asserted against the plaintiffs and for an order of reference. The plaintiffs opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated October 17, 2017, the Supreme Court denied GMAC's motion, determining, among other things, that GMAC failed to establish, prima facie, proper mailing of the notice of default and granted the plaintiffs' cross-motion, specifically determining that the plaintiffs established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, citing GMAC's insufficient proof of proper mailing of the notice of default and the plaintiffs' affidavit denying, inter alia, receipt of the notice of default.
In February 2020, the plaintiffs commenced the instant action against, among others, U.S. Bank pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. After the defendants interposed an answer, the plaintiffs moved for summary judgment on the complaint, contending that the applicable statute of limitations for commencing a foreclosure action had expired, as the debt was accelerated by the commencement of the 2011 action. The defendants [*2]opposed the motion and cross-moved for summary judgment dismissing the complaint, contending that the attempt to accelerate the debt by the commencement of the 2011 action was ineffective for failure to serve the notice of default in accordance with the terms of the mortgage agreement, as determined by the Supreme Court in the order dated October 17, 2017.
By order dated June 1, 2022, the Supreme Court granted the plaintiffs' motion for summary judgment on the complaint and denied the defendants' cross-motion for summary judgment dismissing the complaint, concluding that the debt was accelerated upon the filing and service of the complaint in the 2011 action and that the six-year limitations period had therefore expired. The defendants appeal.
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see Bank of Am., N.A. v Scher, 205 AD3d 985, 987). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
"An acceleration of a mortgage debt can occur 'when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844, quoting Milone v US Bank N.A., 164 AD3d 145, 152; see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 707). However, "a mortgage cannot be validly accelerated without proper notice required by the mortgage" (U.S. Bank N.A. v Hazan, 176 AD3d 637, 638; see 1900 Capital Trust III v Guaman, 215 AD3d 564).
Here, in support of their cross-motion for summary judgment dismissing the complaint, the defendants established, prima facie, that the acceleration of the debt alleged in the complaint was a nullity due to the Supreme Court's determination in the order dated October 17, 2017, that GMAC failed to establish, prima facie, proper mailing of the notice of default, a contractual condition precedent to acceleration of the debt. Accordingly, the statute of limitations to foreclose the mortgage never accrued (see 1900 Capital Trust III v Guaman, 215 AD3d at 564; U.S. Bank N.A. v Hazan, 176 AD3d at 638). In opposition, the plaintiffs failed to raise a triable issue of fact.
Contrary to the plaintiffs' contention, CPLR 213(4)(b), as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821), effective December 30, 2022, does not preclude the defendants from asserting that the statute of limitations for an action to foreclose the mortgage has not expired. In support of their cross-motion for summary judgment dismissing the complaint, the defendants demonstrated that the statute of limitations had not previously accrued because the 2011 action was dismissed upon an expressed judicial determination made upon a timely interposed defense that the notice of default was not mailed in accordance with the terms of the mortgage agreement (see CPLR 213[4][b]; 1900 Capital Trust III v Guaman, 215 AD3d at 564; cf. Caprotti v Deutsche Bank Natl. Trust Co., 220 AD3d 1126; Reinman v Deutsche Bank Natl. Trust Co., 215 AD3d 704).
Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the complaint and granted the defendants' cross-motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., GENOVESI, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court