HSBC Bank USA, N.A. v Vesely (2025 NY Slip Op 04279)

HSBC Bank USA, N.A. v Vesely

2025 NY Slip Op 04279

Decided on July 24, 2025

Appellate Division, Third Department

Reynolds Fitzgerald, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-23-2251

[*1]HSBC Bank USA, N.A., Appellant,
v
Richard Vesely et al., Defendants.

Calendar Date:June 3, 2025

Before: Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Hinshaw & Culbertson LLP, New York City (Ellis M. Oster of counsel), for appellant.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Meagan Galligan, J.), entered October 12, 2023 in Sullivan County, which, among other things, granted a motion by defendants Richard Vesely and Patricia Vesely for summary judgment dismissing the complaint against them.
In 2007, defendants Patricia Vesely and Richard Vesely (hereinafter collectively referred to as defendants) executed a note in favor of First Alternative Mortgage Corp. that was secured by a mortgage on real property located in the Town of Fallsburg, Sullivan County. Defendants entered into a loan modification agreement modifying the terms of the note and mortgage in 2010. In 2012, the note and mortgage were transferred and assigned to plaintiff. Plaintiff accelerated the debt by default letter dated January 9, 2012 and commenced an action in 2015, alleging that defendants had defaulted in making payment of the loan installments beginning in 2011, thus seeking to foreclose on the mortgage. In 2018, Supreme Court (Schick, J.) dismissed the complaint for failure to prosecute (see 22 NYCRR 202.27). Thereafter, plaintiff moved to vacate the dismissal, which the court denied.
Plaintiff commenced this instant second foreclosure action against defendants in 2022, alleging that defendants defaulted on the loan as of September 2015 and again sought to foreclose on the mortgage.[FN1] Defendants answered asserting numerous affirmative defenses, including, as relevant here, expiration of the statute of limitations, and thereafter moved for summary judgment seeking to dismiss the complaint as time- barred. Plaintiff cross-moved for summary judgment and an order of reference. Supreme Court (Galligan, J.) determined that the Foreclosure Abuse Prevention Act (hereinafter FAPA) applied and barred the instant action, and, as such, granted defendants' motion dismissing the complaint and denied plaintiff's cross-motion. Plaintiff appeals.
Plaintiff contends that Supreme Court's reliance on FAPA is in error. It argues that the Court of Appeals decision in Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]), and its companion case of Vargas v Deutsche Bank Natl. Trust Co. — finding that the default letter was insufficient to accelerate the mortgage debt — renders FAPA inapplicable to the case before us. We disagree. It is undeniable that FAPA, which was enacted in 2022 (effective December 30, 2022) and has been held to be retroactive in nature, is applicable.[FN2] Put simply, the enactment of FAPA legislatively overruled Freedom Mtge. Corp. v Engel (see Bank of Am., N.A. v Kessler, 39 NY3d 317, 327 n 5 [2023]).
Plaintiff next contends that any legislative overruling achieved by FAPA is limited to the specific finding of the Court of Appeals that acceleration of the mortgage debt is revoked by a voluntary discontinuance of a foreclosure action. Thus, plaintiff argues that FAPA has no relevance here, where the acceleration itself is dependent on the language of the original default notice. In support of plaintiff's argument[*2], it urges this Court to examine the language of Engel's companion case Vargas, wherein the Court of Appeals held that the default notice sent by the bank did not accelerate the debt but was rather notice of intent to accelerate in the future. Initially, we note that the Court of Appeals in Vargas examined the language of that particular notice and specifically commented that the notice "referred to acceleration only as a future event" as it did not contain "a pledge that acceleration would immediately or automatically occur" (Freedom Mtge. Corp. v Engel, 37 NY3d at 27). Conversely, the notice before us states unambiguously that "failure to cure the default . . . will automatically accelerate the debt" (emphasis added), thus we find plaintiff's reliance on Vargas misplaced.
As to FAPA, it is undeniable that from the start its impact was intended to be expansive; "[t]he aim of the bill is to thwart and eliminate abusive and unlawful litigation tactics that have been adopted and pursued in mortgage foreclosure actions to manipulate the law and judiciary to yield to expediency and the convenience of mortgage banking and servicing institutions at the expense of the finality and repose that statutes of limitations are meant to ensure" (Assembly Introducer's Mem in Support, Bill Jacket, L 2022, ch 821 at 8). Additionally, and fatal to plaintiff's argument, the language in Vargas provides no relief to plaintiff as FAPA's enactment amended numerous CPLR provisions as well as other statutes,[FN3] including: CPLR 213 (4) (a), stating that "[i]n any action [upon a note or mortgage], if the statute of limitations is raised as a defense, and if that defense is based on a claim that the [note] at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated"; CPLR 203 (h), stating that "[o]nce a cause of action upon a [note or mortgage] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim"; CPLR 3217 (e), stating that "[i]n any action on [a note or mortgage], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim"; and CPLR 205-a (a), prohibiting the six-month period savings provision within which a plaintiff may recommence an action if the original action was terminated due to any form of neglect.
Having determined that FAPA applies to this foreclosure action and turning to the [*3]merits underlying defendant's motion for summary judgment based upon the statute of limitations, plaintiff is estopped from asserting that the mortgage debt was not validly accelerated pursuant to CPLR 213 (4), since the 2015 action was dismissed for plaintiff's failure to prosecute and was not dismissed based upon an expressed judicial determination that the debt was not validly accelerated (see MTGLQ Invs., L.P v Lila, 226 AD3d 889, 891 [2d Dept 2024])."The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d 1285, 1286 [3d Dept 2021] [internal quotation marks and citations omitted]; see U.S. Bank N.A. v Creative Encounters LLC, 194 AD3d 1135, 1136 [3d Dept 2021]).Here, plaintiff accelerated the entire mortgage debt in a clear and unequivocal manner by its default letter in 2012 (cf. GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d at 1287), and it did not commence the instant action seeking to foreclose on the same debt until 2022 — more than six years later; thus, the instant action is barred by the statute of limitations applicable to foreclosure actions (see CPLR 213 [4]; HSBC Bank USA, N.A. v Bresler, ___ AD3d ___, ___, 2025 NY Slip Op 03363, *2 [3d Dept 2025]) and Supreme Court properly granted defendants' motion for summary judgment to dismiss the complaint against them (see CPLR 203 [h]; 213 [4] [a]; Deutsche Bank Natl. Trust Co. v Goldwasser, 237 AD3d 1291, 1295 [3d Dept 2025]). Plaintiff's remaining contentions, to the extent not expressly addressed herein, have been examined and found to lack merit.
Clark, J.P., Aarons, Pritzker and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Plaintiff alleges that this filing is timely in consideration of the COVID-19 stays in place at the time.

Footnote 2: This Court's reasoning for the retroactive application of FAPA was to effect the beneficial purpose of this remedial statute wherein the "Legislature clearly set forth that FAPA shall take effect immediately and shall apply to all actions commenced on an instrument described under [CPLR 213 (4)] in which a final judgment of foreclosure and sale has not been enforced" (U.S. Bank N.A. v Lynch, 233 AD3d 113, 117 [3d Dept 2024] [internal quotation marks and citation omitted], appeal dismissed 43 NY3d 985 [2025]).

Footnote 3: FAPA also amended the RPAPL and the General Obligations Law pertaining to residential mortgage foreclosure litigation.