MTGLQ Invs., LP v Carmody (2025 NY Slip Op 05854)

MTGLQ Invs., LP v Carmody

2025 NY Slip Op 05854

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

CV-24-0475
[*1]MTGLQ Investors, LP, Respondent,
v
Kathleen Carmody, Appellant, et al., Defendants.

Calendar Date:September 9, 2025

Before:Garry, P.J., Aarons, Fisher, McShan and Mackey, JJ.

Sandra Poland Demars, Albany, for appellant.
Knuckles & Manfro LLP, Tarrytown (Louis A. Levithan of counsel), for respondent.

Mackey, J.
Appeal from an order of the Supreme Court (Laura Jordan, J.), entered December 12, 2023, in Rensselaer County, which, among other things, granted plaintiff's cross-motion for summary judgment.
Thomas Carmody executed a promissory note in May 2000 that was payable to Homestead Funding Corporation and secured by a mortgage on real property in the City of Rensselaer, Rensselaer County (hereinafter the subject property). Defendant Kathleen Carmody (hereinafter defendant) inherited the subject property when Thomas Carmody died in 2004, and she stopped making scheduled payments on the loan in 2009. In April 2010, the purported successor in interest to Homestead, OneWest Bank, FSB, commenced an action to foreclose upon the mortgage. Supreme Court (Ceresia, J.) issued an order in 2020 that denied a motion by plaintiff to, among other things, be substituted as the party plaintiff in that action. Supreme Court specifically determined that the chain of assignments before it reflected that the note and mortgage had not been assigned to OneWest at the time of commencement and that OneWest had lacked standing to commence the action as a result. The court reasoned that, under those circumstances, the later assignment of the note and mortgage to plaintiff would not vest it with standing to maintain an action that had not been properly commenced to begin with. Supreme Court subsequently issued an order in 2021 that, in relevant part, granted defendant's motion for summary judgment dismissing the complaint on standing grounds.
Plaintiff commenced this foreclosure action in January 2023. Defendant answered and asserted several affirmative defenses and counterclaims, including that plaintiff lacked standing to bring the action and that the action was, in any event, time-barred. Defendant moved for summary judgment dismissing the complaint on those grounds; plaintiff, in turn, cross-moved for summary judgment upon the complaint and for dismissal of the counterclaims against it. Supreme Court (Jordan, J.) issued an order that, as is relevant here, determined that plaintiff established both that the action was not time-barred and that it was entitled to judgment as a matter of law on the complaint. Supreme Court accordingly denied defendant's motion and granted plaintiff's cross-motion. Defendant appeals.
We affirm. Initially, although plaintiff's cross-motion was made after the parties' agreed-upon deadline for dispositive motions, Supreme Court remained free to consider it, "even in the absence of good cause, where a timely motion for summary judgment was made seeking relief nearly identical to that sought by the cross[-]motion" (Reutzel v Hunter Yes, Inc., 135 AD3d 1123, 1124 [3d Dept 2016] [internal quotation marks and citations omitted]; see Ianello v O'Connor, 58 AD3d 684, 685-686 [2d Dept 2009]). A review of defendant's motion papers reflects that she primarily contended that she was entitled to summary judgment because plaintiff's claim was time-barred. Plaintiff [*2]argued in its cross-motion that its claim was timely and, moreover, meritorious. In view of the substantial overlap between the issues advanced in the two motions, and noting defendant's failure to articulate any prejudice arising from plaintiff's delay in filing the cross-motion, Supreme Court providently exercised its discretion in considering the cross-motion (see Old Crompond Rd., LLC v County of Westchester, 201 AD3d 806, 808 [2d Dept 2022]; Reutzel v Hunter Yes, Inc., 135 AD3d at 1124).
Turning to the merits of that cross-motion, "[t]he statute of limitations for a foreclosure claim is six years" and begins to run when the entire debt becomes due and payable, such as when it is accelerated and called due by the commencement of a mortgage foreclosure action by the creditor (Lubonty v U.S. Bank N.A., 34 NY3d 250, 261 [2019]; see CPLR 213 [4]; U.S. Bank N.A. v Craft, 240 AD3d 1140, 1142 [3d Dept 2025]; Caprotti v Deutsche Bank Natl. Trust Co., 220 AD3d 1126, 1127 [3d Dept 2023]). "An acceleration of a mortgaged debt is only valid if the party making the acceleration had standing to do so at that time," however, and the statute of limitations does not begin to run if the plaintiff in a mortgage foreclosure action was not the holder or assignee of the underlying note at the time of commencement (U.S. Bank N.A. v Marrero, 221 AD3d 631, 632 [2d Dept 2023] [citation omitted]; see Caprotti v Deutsche Bank Natl. Trust Co., 220 AD3d at 1127; U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d 824, 826 [2d Dept 2023]). Having said that, the Legislature recently amended CPLR 213 (4), via the Foreclosure Abuse Prevention Act (hereinafter FAPA), to provide that where a defendant in a mortgage foreclosure action raises a statute of limitations defense "based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination . . . that the instrument was not validly accelerated" (CPLR 213 [4] [a], as added by L 2022, ch 821, § 7; see HSBC Bank USA, N.A. v Vesely, ___ AD3d ___, ___, 2025 NY Slip Op 04279, *2 [3d Dept 2025]; CV XXVIII, LLC v Williams, 236 AD3d 753, 754 [2d Dept 2025], appeal dismissed 44 NY3d 946 [2025]).[FN1]
Defendant here asserted that the six-year statute of limitations began to run upon the commencement of the prior mortgage foreclosure action by OneWest in 2010. Supreme Court (Ceresia, J.) determined in its 2020 order, however, that OneWest did not have standing to commence the 2010 action because that "the chain of assignments reflect[ed] that the mortgage and underlying note were not assigned to [OneWest] until . . . after commencement." In its 2021 order dismissing the 2010 action, Supreme Court reiterated that OneWest lacked standing because "the subject note and mortgage were not assigned to [OneWest] until after commencement." [*3]Those holdings that OneWest lacked standing to commence the 2010 action because it had no interest in the note and mortgage at that time constituted, as required by CPLR 213 (4) (a), express judicial determinations that "the purported acceleration through commencement of [the 2010] action was a nullity and the statute of limitations did not begin to run at that time" (Bank of N.Y. Mellon v Treitel, 217 AD3d 911, 913 [2d Dept 2023]; see Bank of N.Y. Mellon v Levinson, 230 AD3d 548, 551 [2d Dept 2024]; Caprotti v Deutsche Bank Natl. Tr. Co., 220 AD3d at 1128-1129; U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d at 826-827; cf. HSBC Bank, N.A. v Vesely, ___ AD3d at ___, 2025 NY Slip Op 04279, *2). It follows, therefore, that the present action is not barred by the statute of limitations. We reject defendant's argument that FAPA mandates a different result. Although Supreme Court, in dismissing the first action, did not specifically state that "the instrument was not validly accelerated" (CPLR 213 [4] [a]), its dismissal of that action for lack of standing is substantively the same thing (see Cohen v Deutsche Bank Natl. Trust Co., 229 AD3d 758, 760-761 [2d Dept 2024]; Reinman v Deutsche Bank Natl. Trust Co., 215 AD3d 704, 707 [2d Dept 2023]) and defendant's argument concerning the precise words used by Supreme Court amounts to little more than semantics. Accordingly, we find that Supreme Court (Jordan, J.) properly granted plaintiff summary judgment dismissing defendant's statute of limitations defense and the counterclaims that were premised upon it.
As for the foreclosure claim itself, "to establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (Wilmington Sav. Fund Socy., FSB v LaFrate, 215 AD3d 1023, 1024 [3d Dept 2023] [internal quotation marks and citations omitted]; see 1900 Capital Trust II v Jakobovitz, 239 AD3d 1211, 1212 [3d Dept 2025]). Where, as here, a defendant raises the affirmative defense of standing, a plaintiff must also establish "standing by submitting proof that it was the holder or assignee of both the mortgage and the note at the time that the action was commenced" (1900 Capital Trust II v Jakobovitz, 239 AD3d at 1212; see United Wholesale Mtge., LLC v Smith, 237 AD3d 1339, 1340 [3d Dept 2025]). "Because the note, rather than the mortgage, is the dispositive instrument that conveys standing to foreclose, written assignment of the note or, alternatively, physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank Trust, N.A. v. Moomey-Stevens, 189 AD3d 1790, 1791 [3d Dept. 2020] [internal quotation marks and citations omitted]; accord Federal Natl. Mtge. Assn. v Krell, 231 AD3d 1334, 1335 [3d Dept 2024]).
There is no dispute here that plaintiff came forward with evidence of the mortgage and unpaid note, as well as proof of defendant's default[*4]. Further, although plaintiff did not provide proof that the note was in its possession at the time of commencement, it did submit a chain of assignments that were recorded with the Rensselaer County Clerk and documented how the note and mortgage were assigned to various entities over the years and were eventually assigned to it in May 2018. Our review of the language of those instruments confirms an intent in all of them to transfer the interest in the note, as well as the mortgage, and the assignments were therefore "sufficient to demonstrate [plaintiff's] status as an assignee of the note as of the date [this] action was commenced" in January 2023 (U.S. Bank N.A. v Akande, 136 AD3d 887, 890 [2d Dept 2016]; see Emigrant Bank v Kaufman, 223 AD3d 650, 653 [2d Dept 2024]; Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307-1308 [3d Dept 2012]; cf. U.S. Bank Tr., N.A. v Moomey-Stevens, 168 AD3d 1169, 1172 [3d Dept 2019] [assignment explicitly limited to mortgage]). Plaintiff accordingly satisfied its initial burden of demonstrating its entitlement to summary judgment upon the complaint and, as defendant failed to raise a material question of fact in response, Supreme Court properly granted plaintiff's motion in its entirety.
Garry, P.J., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The parties do not dispute that the Legislature made CPLR 213 (4) (a) apply "retroactively to cases 'in which a final judgment of foreclosure and sale has not been enforced' " (HSBC Bank, USA, N.A. v Bresler, 239 AD3d 1051, 1053 [3d Dept 2025], quoting L 2022, ch 821, § 10; see U.S. Bank N.A. v Craft, 240 AD3d at 1143-1145).