U.S. Bank N.A. v Pearl-Nwabueze (2023 NY Slip Op 03941)

U.S. Bank N.A. v Pearl-Nwabueze

2023 NY Slip Op 03941

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-03930 
2020-03931
 (Index No. 508225/18)

[*1]U.S. Bank National Association, etc., respondent,
v
Ursula Pearl-Nwabueze, et al., appellants, et al., defendants.

The Linden Law Group, P.C., New York, NY (Jeffrey Benjamin of counsel), for appellants.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC (Greenberg Traurig, LLP, New York, NY [Ryan Sirianni], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Ursula Pearl-Nwabueze, Kechipetronilla M. Simon-Ebughu, and Preciousmary K. Elias appeal from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated February 3, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Ursula Pearl-Nwabueze, Kechipetronilla M. Simon-Ebughu, and Preciousmary K. Elias, to strike those defendants' amended answer, and for an order of reference, and denied those defendants' cross-motion, in effect, for summary judgment on their counterclaim to quiet title to the subject property and to discharge the mortgage, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On September 18, 2006, the defendant Ursula Pearl-Nwabueze executed a note in the amount of $640,000 in favor of New Century Mortgage Corporation (hereinafter New Century). The note was secured by a mortgage on certain real property located in Brooklyn. The mortgage was signed by Pearl-Nwabueze, as well as by the defendant Kechipetronilla M. Simon-Ebughu. In May 2008, U.S. Bank, N.A., as trustee, New Century's purported successor in interest, commenced an action to foreclose the mortgage against Pearl-Nwabueze and Simon-Ebughu, among others (hereinafter the 2008 action). In an order dated October 21, 2011, the Supreme Court granted that branch of the motion of Pearl-Nwabueze and Simon-Ebughu which was to dismiss the complaint in the 2008 action insofar as asserted against them on the ground of lack of standing.
In November 2016, Pearl-Nzabueze and Simon-Ebughu executed a deed conveying the property to themselves and the defendant Preciousmary K. Elias.
In April 2018, the plaintiff commenced this action to foreclose the mortgage against Pearl-Nwabueze, Simon-Ebughu, and Elias (hereinafter collectively the defendants), among others. The plaintiff attached a copy of the endorsed note to the complaint. In their amended answer, the defendants asserted a counterclaim to quiet title to the subject property and to discharge the mortgage, on the ground that the statute of limitations had expired. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their amended answer, and for an order of reference. The defendants cross-moved, in effect, for summary judgment on their counterclaim to quiet title to the property and to discharge the mortgage, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, arguing that this action was time-barred because commencement of the 2008 action accelerated the mortgage debt.
In an order dated February 3, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendants' cross-motion. In a second order, also dated February 3, 2020, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendants appeal.
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage had expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced" (Lubonty v U.S. Bank N.A., 159 AD3d 962, 963; see Mardenborough v U.S. Bank N.A., 201 AD3d 641, 643).
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867 [internal quotation marks omitted]; see 21st Mtge. Corp. v Rudman, 201 AD3d 618, 621). Acceleration may occur, inter alia, by the commencement of a foreclosure action in which the complaint seeks payment of the full balance due (see Hawthorne v New Century Mtge. Corp., 207 AD3d 528, 530; Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).
"'However, service of a complaint is ineffective to constitute a valid exercise of the option to accelerate a debt where the plaintiff does not have the authority to accelerate the debt or to sue to foreclose at that time'" (21st Mtge. Corp. v Rudman, 201 AD3d at 621, quoting MLB Sub I, LLC v Grimes, 170 AD3d 992, 993 [internal quotation marks omitted]; see Herzl Dev. Group, LLC v Federal Natl. Mtge. Assn., 175 AD3d 665, 666; U.S. Bank N.A. v Gordon, 158 AD3d 832, 836). As part of the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]), CPLR 213(4) was amended, inter alia, by adding new paragraphs (a) and (b). CPLR 213(4)(a) provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated." CPLR 213(4)(b) provides that "[i]n any action seeking cancellation and discharge of record of an instrument described under [RPAPL 1501(4)], a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated."
Here, the plaintiff demonstrated, prima facie, that the debt was never validly accelerated, as the prior action to foreclose the subject mortgage, commenced in 2008, was dismissed upon the Supreme Court's determination that the plaintiff in that action lacked standing to commence that action (see Mejias v Wells Fargo N.A., 186 AD3d 472, 474; Herzl Dev. Group, LLC [*2]v Federal Natl. Mtge. Assn., 175 AD3d at 666; U.S. Bank N.A. v Gordon, 158 AD3d at 836). In opposition, the defendants failed to raise a triable issue of fact.
The defendants' contention that the plaintiff in the instant action lacked standing because the plaintiff in the 2008 action lacked standing is without merit (see U.S. Bank N.A. v Friedman, 175 AD3d 1341, 1342-1343). The defendants' remaining contention regarding standing is not properly before this Court, since it was raised for the first time in their reply brief, to which the plaintiff had no opportunity to respond (see Panzo v Keyspan Corp., 176 AD3d 961, 963).
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court