UGH Mazing, LLC v 21st Mtge. Corp. (2023 NY Slip Op 04986)

UGH Mazing, LLC v 21st Mtge. Corp.

2023 NY Slip Op 04986

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-00601
 (Index No. 721212/19)

[*1]UGH Mazing, LLC, respondent,
v 21st Mortgage Corporation, appellant.

Rowlands, LeBrou & Griesmer, PLLC, Saratoga Springs, NY (Thomas E. Mercure, Michael J. Catalfimo, and Alexander M. Budd of counsel), for appellant.
Altman Schochet LLP, New York, NY (Irena Shternfeld of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 15, 2020. The order granted the plaintiff's motion for summary judgment on the complaint and denied the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 6, 2008, Julian Heaven (hereinafter the borrower) executed a note in the amount of $409,500 in favor of Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The note was secured by a mortgage on certain real property located in Queens.
In July 2010, Wells Fargo commenced an action to foreclose the mortgage against the borrower, among others (hereinafter the 2010 action). The complaint stated that Wells Fargo was electing to call due the entire amount secured by the mortgage. In a decision and order dated October 2, 2019, this Court reversed an order of the Supreme Court and granted the borrower's motion, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground that Wells Fargo failed to establish personal jurisdiction over the borrower (see Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761).
By deed dated October 4, 2019, the borrower conveyed the subject property to the plaintiff. On December 19, 2019, the plaintiff commenced this action against the defendant, Wells Fargo's successor in interest, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations for commencing a foreclosure action had expired. The plaintiff thereafter moved for summary judgment on the complaint, relying on the pleadings in the 2010 action to show that the statute of limitations had expired. The plaintiff also submitted an affidavit from the borrower, who stated, "I was never served with any written correspondence by or on behalf of Defendant . . . or Wells Fargo Bank, N.A. ("WFB") de-accelerating the $409,500 mortgage presently encumbering the real property at issue in this litigation." The defendant cross-moved for summary judgment dismissing the complaint, arguing that the complaint in the 2010 action did not constitute a valid acceleration of the debt. In an order [*2]entered December 15, 2020, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, affd 34 NY3d 250). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863; Lubonty v U.S. Bank N.A., 159 AD3d at 963). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
Here, the defendant argues that the complaint in the 2010 action did not constitute a valid acceleration of the debt because it was unverified and counsel lacked authority to accelerate the debt. This argument is precluded by an amendment to CPLR 213(4) enacted under the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff. Dec. 30, 2022]). CPLR 213(4)(b) now provides that "a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated." The fact that the complaint in the 2010 action was dismissed insofar as asserted against the borrower for failure to effectuate personal service upon him (see Wells Fargo Bank, N.A. v Heaven, 176 AD3d at 762-763) "does not invalidate [Wells Fargo's] election to exercise its right to accelerate the maturity of the underlying debt" (Federal Natl. Mtge. Assn. v Woolstone, 196 AD3d 548, 549; see Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989, 991; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657). There was no expressed judicial determination in the 2010 action that the note was not validly accelerated. Thus, the defendant is estopped from challenging the validity of the prior acceleration (see CPLR 213[4][b]).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint and denied the defendant's cross-motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court