Cohen v Deutsche Bank Natl. Trust Co. (2024 NY Slip Op 04058)

Cohen v Deutsche Bank Natl. Trust Co.

2024 NY Slip Op 04058

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2021-08179
 (Index No. 620561/18)

[*1]David Cohen, et al., appellants, 
v
Deutsche Bank National Trust Company, etc., respondent.

Grausso & Foy, LLP, Bohemia, NY (William Grausso of counsel), for appellants.
Greenberg Traurig, LLP, New York, NY (Leah N. Jacob of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated October 7, 2021. The order denied the plaintiffs' motion for summary judgment on the complaint and to strike the defendant's answer, and granted that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On July 29, 2009, Deutsche Bank National Trust Company (hereinafter Deutsche Bank) commenced an action against David Cohen and Tracy Cohen (hereinafter together the Cohens), among others, to foreclose a mortgage on certain property located in Huntington (hereinafter the foreclosure action). Deutsche Bank stated in the complaint that it elected to declare the entire amount due on the note and mortgage "to be immediately due and payable." The Cohens served an amended answer in which they asserted as an affirmative defense that Deutsche Bank lacked standing. In an order dated September 29, 2017, the Supreme Court directed a limited trial on the issue of Deutsche Bank's standing to commence the action. In a decision dated March 6, 2018, made after the trial, the court found that Deutsche Bank failed to establish its standing and directed dismissal of the complaint on that ground.
On October 22, 2018, the Cohens commenced this action against Deutsche Bank pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that an action to foreclose the mortgage would be time-barred. Deutsche Bank interposed an answer to the complaint. Thereafter, the Cohens moved for summary judgment on the complaint and to strike Deutsche Bank's answer. Deutsche Bank cross-moved, inter alia, for summary judgment dismissing the complaint. In an order dated October 7, 2021, the Supreme Court denied the Cohens' motion and granted that branch of Deutsche Bank's cross-motion which was for summary judgment dismissing the complaint. The Cohens appeal.
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation [*2]and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see McWhite v I & I Realty Group, LLC, 210 AD3d 1069, 1073-1074).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). "An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844 [internal quotation marks omitted]). "'However, service of a complaint is ineffective to constitute a valid exercise of the option to accelerate a debt where the plaintiff does not have the authority to accelerate the debt or to sue to foreclose at that time'" (21st Mtge. Corp. v Rudman, 201 AD3d 618, 621, quoting MLB Sub I, LLC v Grimes, 170 AD3d 992, 993 [internal quotation marks omitted]; see U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d 824, 826; U.S. Bank N.A. v Gordon, 158 AD3d 832, 836).
Under the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]), CPLR 213(4) was amended, inter alia, by adding new paragraphs (a) and (b) (see U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d at 826). CPLR 213(4)(b) provides that "[i]n any action seeking cancellation and discharge of record of an instrument described under [RPAPL 1501(4)], a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (see UGH Mazing, LLC v 21st Mtge. Corp., 220 AD3d 686, 688; Reinman v Deutsche Bank Natl. Trust Co., 215 AD3d 704, 707).
Here, the Cohens demonstrated, prima facie, that the debt was accelerated when Deutsche Bank commenced the foreclosure action on July 29, 2009, and elected in the complaint to call due the entire amount secured by the mortgage (see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 931). The Cohens further demonstrated, prima facie, that the instant action was commenced on October 22, 2018, more than six years later (see U.S. Bank N.A. v Outlaw, 217 AD3d 721, 723).
However, in opposition and in support of its cross-motion, Deutsche Bank demonstrated that the debt was never validly accelerated, as the foreclosure action was dismissed upon the Supreme Court's determination after trial that Deutsche Bank lacked standing to commence that action (see U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d at 826-827; Reinman v Deutsche Bank Natl. Trust Co., 215 AD3d at 707; Mejias v Wells Fargo N.A., 186 AD3d 472, 474).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the Cohens' motion for summary judgment on the complaint and to strike Deutsche Bank's answer, and properly granted that branch of Deutsche Bank's cross-motion which was for summary judgment dismissing the complaint.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court