U.S. Bank Trust, N.A. v Gruen (2025 NY Slip Op 02235)

U.S. Bank Trust, N.A. v Gruen

2025 NY Slip Op 02235

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-09703
2023-05397
 (Index No. 506382/19)

[*1]U.S. Bank Trust, N.A., etc., respondent-appellant,
v
Allan L. Gruen, etc., appellant-respondent, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant-respondent.
Day Pitney LLP, New York, NY (Christina A. Livorsi, Nathaniel T. N. Fleming, and Kevin MacTiernan of counsel), for respondent-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, (1) the defendant Allan L. Gruen appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 19, 2022, and (2) the defendant Allan L. Gruen appeals from an order of the same court dated February 22, 2023. The order dated September 19, 2022, insofar as appealed from, denied those branches of the cross-motion of the defendant Allan L. Gruen which were for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The order dated February 22, 2023, insofar as appealed from, in effect, upon renewal and reargument, adhered to the determination in the order dated September 19, 2022, denying those branches of the cross-motion of the defendant Allan L. Gruen which were for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
ORDERED that the cross-appeal is dismissed as abandoned; and it is further,
ORDERED that the appeal from the order dated September 19, 2022, is dismissed, as the portion of the order appealed from was superseded by the order dated February 22, 2023, made, in effect, upon renewal and reargument; and it is further,
ORDERED that the order dated February 22, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2009, Chase Home Finance, LLC (hereinafter Chase), commenced an action against the defendant Allan L. Gruen (hereinafter the defendant), among others, to foreclose a mortgage (hereinafter the 2009 action). Subsequently, U.S. Bank Trust, N.A. (hereinafter U.S. Bank), was substituted as the plaintiff in the 2009 action. Following a nonjury trial, the Supreme Court determined, as had been argued by the defendant, that Chase failed to comply with RPAPL [*2]1304 and the notice of default provision contained in paragraph 22 of the mortgage agreement. In February 2019, a judgment was issued dismissing the complaint in the 2009 action.
In March 2019, U.S. Bank commenced this action against the defendant, among others, to foreclose the mortgage. Subsequently, the defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him on the grounds that the action was barred by the doctrines of res judicata and collateral estoppel and that the action was time-barred, and for summary judgment on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In an order dated September 19, 2022, the Supreme Court, among other things, denied those branches of the defendant's cross-motion. The defendant thereafter moved, in effect, for leave to renew and reargue those branches of his cross-motion which were for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In an order dated February 22, 2023, the court, inter alia, in effect, upon renewal and reargument, adhered to the determination denying those branches of the defendant's cross-motion. The defendant appeals.
"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (Reinman v Deutsche Bank Natl. Trust Co., 215 AD3d 704, 706; see U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d 824, 825). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Bank of N.Y. Mellon v Treitel, 217 AD3d 911, 913). "An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844 [internal quotation marks omitted]). "However, service of a complaint is ineffective to constitute a valid exercise of the option to accelerate a debt where the plaintiff does not have the authority to accelerate the debt or to sue to foreclose at that time" (MLB Sub I, LLC v Grimes, 170 AD3d 992, 993 [internal quotation marks omitted]; see Reinman v Deutsche Bank Natl. Trust Co., 215 AD3d at 706). As part of the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]), CPLR 213(4) was amended, among other things, by adding new paragraphs (a) and (b) (see U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d at 825). CPLR 213(4)(a) provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated." CPLR 213(4)(b) provides that "[i]n any action seeking cancellation and discharge of record of an instrument described under [RPAPL 1501(4)], a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated."
Here, the evidence submitted by the defendant in support of his cross-motion failed to establish that the debt was validly accelerated by the commencement of the 2009 action. Although Chase expressly "elect[ed] to call due the entire amount secured by the mortgage" in the complaint in the 2009 action, the 2009 action was dismissed based upon the Supreme Court's determination, inter alia, that Chase had failed to comply with the notice of default provision contained in paragraph 22 of the mortgage agreement, which required service of a specified default notice as a condition precedent to acceleration of the loan (see U.S. Bank N.A. v Hazan, 176 AD3d 637, 638; 1 Bergman on New York Mortgage Foreclosures § 4.04A; see also Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 39-40; cf. Everhome Mtge. Co. v Aber, 195 AD3d 682, 686, affd 39 NY3d 949; Capital One, N.A. v Saglimbeni, 170 AD3d 508, 509). Contrary to the defendant's contention, U.S. Bank is not estopped from asserting that the debt was not validly accelerated by the commencement of the 2009 [*3]action, as that action "was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213[4][a]; see Bank of N.Y. Mellon v Treitel, 217 AD3d at 913; cf. Everhome Mtge. Co. v Aber, 195 AD3d at 686; Capital One, N.A. v Saglimbeni, 170 AD3d at 509).
Further, the defendant also failed to satisfy his burden of demonstrating that this action was barred by the doctrines of res judicata and collateral estoppel (see U.S. Bank N.A. v Friedman, 175 AD3d 1341, 1342).
Accordingly, upon renewal and reargument, the Supreme Court properly adhered to the determination denying those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In light of our determination, we need not reach U.S. Bank's remaining contentions.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court