HSBC Bank USA, N.A. v Barrett (2025 NY Slip Op 05067)

HSBC Bank USA, N.A. v Barrett

2025 NY Slip Op 05067

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-04267
 (Index No. 618254/17)

[*1]HSBC Bank USA, N.A., etc., respondent, 
v
Rita Barrett, appellant, et al., defendants.

Long Tuminello, LLP, Bay Shore, NY (Nicole L. Bohler and Harold Seligman of counsel), for appellant.
McGlinchey Stafford, PLLC, New York, NY (Matthew J. Gordon and Aleksandr Altshuler of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Rita Barrett appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 16, 2024. The order granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant Rita Barrett and for an order of reference, and denied the cross-motion of the defendant Rita Barrett for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Rita Barrett and for an order of reference is denied, and the cross-motion of the defendant Rita Barrett for summary judgment dismissing the complaint insofar as asserted against her is granted.
In September 2017, the plaintiff commenced this action against the defendant Rita Barrett (hereinafter the defendant), among others, inter alia, to foreclose a consolidated mortgage securing certain real property located in Suffolk County. In January 2011, the plaintiff had previously commenced an action against the defendant, among others, to foreclose the consolidated mortgage (hereinafter the 2011 action). By stipulation dated June 26, 2013, the plaintiff voluntarily discontinued the 2011 action. In this action, the defendant interposed an answer asserting various affirmative defenses, including failure to comply with conditions precedent to foreclosure and the statute of limitations. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her on various grounds, including that the action was barred by the statute of limitations. The plaintiff opposed the cross-motion. In an order dated January 16, 2024, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals. We reverse.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'[E]ven if a mortgage is payable in installments, [*2]once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "An acceleration of a mortgage debt can occur 'when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844, quoting Milone v US Bank N.A., 164 AD3d 145, 152; see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 707).
Here, the defendant demonstrated, prima facie, that the debt was accelerated by the commencement of the 2011 action, in which the plaintiff elected to call due the entire amount secured by the consolidated mortgage. The defendant further demonstrated, prima facie, that since this action was commenced in September 2017, more than six years later, this action was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Under the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), the voluntary discontinuance of the 2011 action did not serve to de-accelerate the debt or revive or reset the statute of limitations (see CPLR 3217[e]; IPA Asset Mgt., LLC v HSBC Bank USA, N.A., 234 AD3d 948, 950). Moreover, the plaintiff's contention that the complaint in the 2011 action did not constitute a valid acceleration of the debt because it was unverified and counsel lacked authority to accelerate the debt is without merit (see CPLR 213[4][a]; UGH Mazing, LLC v 21st Mtge. Corp., 220 AD3d 686, 688).
The plaintiff's challenges to the retroactive application and constitutionality of FAPA under the United States Constitution are also without merit (see Deutsche Bank Natl. Trust Co. v Zak, 235 AD3d 839; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065).
The plaintiff's remaining contention is also without merit.
Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court