HSBC Bank, USA, N.A. v Bresler (2025 NY Slip Op 03363)

HSBC Bank, USA, N.A. v Bresler

2025 NY Slip Op 03363

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

534589
[*1]HSBC Bank, USA, N.A., Appellant,
v
Gerry-Lynn Bresler, Also Known as Gerry-Lynn Stohr, et al., Respondents, et al., Defendants.

Calendar Date:April 14, 2025

Before:Aarons, J.P., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Fein, Such & Crane, LLP, Westbury (Michael S. Hanusek of counsel), for appellant.
Blatchly & Simonson, PC, New Paltz (Anthony R. Filosa of Rosenberg Fortuna & Laitman, LLP, Garden City, of counsel), for respondents.

Fisher, J.
Motion for renewal of an appeal from a judgment of the Supreme Court (James Gilpatric, J.), entered December 15, 2021 in Ulster County, which granted motions by defendants Gerry-Lynn Bresler and Steven Bresler for summary judgment dismissing the complaint against them.
On March 16, 2007, defendants Gerry-Lynn Bresler and Steven Bresler (hereinafter collectively referred to as defendants) executed a note to borrow $650,000, secured by a mortgage against real property.[FN1] Defendants defaulted on their obligations under the note and, on November 13, 2012, Hudson City Savings Bank commenced an action against defendants to foreclose on the mortgage (hereinafter the first action). In November 2016, Supreme Court dismissed the action as abandoned and subsequently denied a motion to restore the case to the calendar. In September 2018, the mortgage servicer for plaintiff — now the holder of the note and mortgage — sent correspondence notifying defendants that it was de-accelerating the loan and reinstituting it as an installment loan. On December 28, 2018, plaintiff commenced the instant mortgage foreclosure action (hereinafter the second action), and defendants joined issue and asserted, among other affirmative defenses, that the action was barred by the statute of limitations (see CPLR 3211 [a] [5]). Defendants then moved for summary judgment dismissing the complaint against them asserting that the action was time-barred. Supreme Court found that the de-acceleration notices did not contain language that was clear and unambiguous, and that plaintiff had failed to establish that the letters of de-acceleration were sent to defendants. As such, the court granted defendants' motions based upon the conclusion that the loan was never de-accelerated, and therefore the second action was time-barred. Upon review, this Court reversed, holding that the de-acceleration notice was "sufficiently clear and unambiguous to be valid and enforceable" (212 AD3d 1, 5 [3d Dept 2022]). Relying on the Court of Appeals decision in Freedom Mtge. Corp. v Engel (37 NY3d 1, 32 [2021]), this Court also held that, because the de-acceleration occurred within the six-year statute of limitations period, the foreclosure was timely and thus, defendants' motion was denied (id. at 5-6).
Defendants now move to renew, contending that the enactment of the Foreclosure Abuse Prevention Act (hereinafter FAPA) is a change in law that requires reversal of our prior decision. Specifically, defendants claim that the second action is now barred by the statute of limitations because FAPA applies retroactively, and such law prohibits the reset of a statute of limitations by the unilateral act of a party such as by a de-acceleration letter. Plaintiff opposes, asserting that defendants could have raised the passage of FAPA prior to this Court's decision and their failure to do so should result in denial of their motion. Plaintiff also contends that FAPA cannot be applied retroactively. Defendants reply by highlighting [*2]that FAPA was not signed into law until after this Court's initial decision, and further contend that this Court and other departments of the Appellate Division have already determined that FAPA applies retroactively, therefore the de-acceleration letter used by plaintiff did not reset the statute of limitations and the second action is untimely.
"A motion for leave to renew . . . shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]). Although CPLR 2221 (e) does not set a time limit, courts have long recognized that, generally, "a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired" (Deutsche Bank Natl. Trust Co. v Goldwasser, 237 AD3d 1291, 1292 [3d Dept 2025] [internal quotation marks and citations omitted]). Since a final judgment has not been entered in this case the motion is timely. Under FAPA, where, like here, a mortgagee files a foreclosure action and accelerates the mortgage, the mortgagee cannot de-accelerate the mortgage (and toll the six-year limitation period) by voluntarily dismissing the action, with some exceptions (see CPLR 205-a [a]; 213 [4] [a]; 3217 [e]).
Initially, plaintiff's contention that defendants should have raised FAPA in the initial appeal, and therefore it is not a new change in law, is without merit. This Court's initial decision was issued on November 23, 2022, whereas FAPA was approved and became effective on December 30, 2022 (see L 2022, ch 821). Although defendants may have been aware of the pending law, this Court is not able to rely on pending legislation until it is enacted (see Freedom Mtge. Corp. v Miller, 224 AD3d 572, 573 [1st Dept 2024]). Contrary to plaintiff's contention, FAPA was intended to apply retroactively to cases "in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821 § 10; see Bank of N.Y. Mellon v Richards, 233 AD3d 1250, 1251 [3d Dept 2024; U.S. Bank N.A. v Lynch, 233 AD3d 113, 115-117 [3d Dept 2024]; see also Citimortgage, Inc. v Goldstein, 230 AD3d 1219, 1224 [2d Dept 2024]; Maneri v Residential Funding Co., LLC, 227 AD3d 796, 797-798 [2d Dept 2024]; Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44-45 [1st Dept 2023]).
As to the application of FAPA, it is undisputed that an acceleration of the full amount of the debt occurred in November 2012, when the first action was commenced, and that plaintiff commenced this second action in December 2018 (see HSBC Bank, USA, N.A. v Bresler, 212 AD3d at 4). The de-acceleration letter that this Court previously relied on to hold that the action was within the statute of limitations is no longer impactful because FAPA prohibits plaintiff from de-accelerating the mortgage in such a manner (see CPLR 3217 [e]; Deutsche Bank Natl. Trust Co. v Goldwasser, 237 AD3d at 1293). Indeed, these circumstances serve as the premise behind the enactment [*3]of FAPA, which is remedial in nature as it sought to correct misinterpretation of existing law that "allow[ed] noteholders to abuse the foreclosure process by manipulating and extending the statute of limitations to the detriment of homeowners" (U.S. Bank N.A. v Lynch, 233 AD3d at 117; see FV-1, Inc. v Palaguachi, 234 AD3d 818, 822 [2d Dept 2025]; see also Assembly Mem in Support, Bill Jacket, L 2022, ch 821 at 8; Senate Introducer's Mem in Support, Bill Jacket, L 2022, ch 821 at 98). Plaintiff attempts to distinguish this case from U.S. Bank N.A. v Lynch (233 AD3d at 115-117) and Bank of N.Y. Mellon v Richards (233 AD3d at 1250-1251) on the grounds that, unlike those cases which were "marked off" the calendar and "effectively abandoned," this case did not contain any of the same "abuse" of the foreclosure process that FAPA was enacted to correct. Such reliance is misplaced and belied by the record, as the first action was also "marked off," deemed abandoned and a motion to restore was denied, ultimately prompting the subject de-acceleration letter and resurrection of the 2012 default through a second action. Therefore, since the second action was brought more than six years after plaintiff accelerated the debt, it is barred by the statute of limitations applicable to foreclosure actions (see CPLR 213 [4]; RPAPL 1301 [3]; Deutsche Bank Natl. Trust Co. v Goldwasser, 237 AD3d at 1295). Thus, defendants' motion to renew is granted and this Court's previous decision is vacated. On the merits of the underlying appeal, pursuant to FAPA, defendants were entitled to summary judgment dismissing the complaint. Accordingly, we affirm the judgment of Supreme Court, albeit on different grounds.
Aarons, J.P., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the motion is granted, without costs, this Court's order entered November 23, 2022 vacated, and, upon renewal, the judgment of Supreme Court entered December 15, 2021 in Ulster County is affirmed, without costs.

Footnotes

Footnote 1: In August 2012, the note and mortgage were assigned to Hudson City Savings Bank. In 2016, the mortgage was assigned from Hudson City Savings Bank to plaintiff.